RECEIVED

APR – 4 2017

DEBORAH S. HUNT, Clerk

No. 17-5204

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

## JOHN ANTHONY GENTRY,

Plaintiff - Appellant

**v.**

## THE HONORABLE JOE H. THOMPSON, Circuit Court Judge

Defendant - Appellee

Rule 3 Appeal As Of Right from the Final Judgement of the
United States District Court, Middle District of Tennessee
Originating Case No. 3:16-cv-02617

## BRIEF OF APPELLANT

John A Gentry, CPA
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
John.a.gentry@comcast.net
*Pro Se*

## ORAL ARGUMENT REQUESTED

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................iii

STATEMENT IN SUPPORT OF ORAL ARGUMENT ....................................iv

JURISDICTIONAL STATEMENT.......................................................... 1

STATEMENT OF ISSUES FOR REVIEW ............................................... 1

STATEMENT OF THE CASE ............................................................. 2

PROCEDURAL HISTORY OF THE CASE IN DISTRICT COURT.................. 3

ARGUMENTS ............................................................................... 5

    Issue No. 1 Rooker-Feldman Doctrine Not Grounds For Dismissal ................. 5

        Standard of Review ........................................................... 5

        Arguments: Issue No. 1 ...................................................... 6

    Issue No. 2 Application of Rooker-Feldman makes 42 USC § 1983
    Unenforceable .................................................................... 12

        Standard of Review ......................................................... 12

        Arguments: Issue No. 2 .................................................... 12

    Issue No. 3 Error in Denying Motion to Amend............................. 13

        Standard of Review ......................................................... 13

        Arguments: Issue No. 3 .................................................... 14

    Issue No. 4 Error in Denying Motion to Strike............................. 17

        Standard of Review ......................................................... 17

        Arguments: Issue No. 4 .................................................... 18

    Issue No. 5 Error in Denying Motion for Evidentiary or Other Appropriate
    Hearing ........................................................................... 19

    and Motion for Oral Arguments............................................. 19

        Standard of Review ......................................................... 19

        Arguments: Issue No. 5 .................................................... 20

    Issue No. 6 Error in Failing to Provide Notice of Magistrate's R&R ............. 22

        Standard of Review ......................................................... 22

Arguments: Issue No. 6.................................................................................22

Issue No. 7 Judicial Immunity Does Not Apply .........................................24

Standard of Review ...............................................................................24

Arguments: Issue No. 7..........................................................................24

Issue No. 8 Eleventh Amendment Necessarily Limited by Fourteenth
Amendment ...............................................................................................27

Standard of Review ...............................................................................27

Arguments: Issue No. 8..........................................................................28

CONCLUSIONS ........................................................................................29

TYPE-VOLUME CERTIFICATION .........................................................31

## TABLE OF AUTHORITIES

**Cases**

Alexander v. Rosen 804 F.3d 1203 (2015) ...................................................9

Armstrong v. Manzo, 380 U. S. 545, 552 (1965)........................................19

Armstrong v. Manzo, 380 US 545 - Supreme Court 1965 ...................10, 25

Bruton v. United States, 391 U. S. 123, 135-137 (1968)............................25

Dutton v. Evans, 400 U. S. 74, 89 (1970) .................................................25

*ex parte Young US 123 (1908)* ...................................................................6

Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 US 280 - Supreme Court
2005 ...............................................................................................6, 8, 12

Fitzpatrick v. Bitzer, 427 US 445 - Supreme Court 1976...........................28

Foman v. Davis, 371 US 178 - Supreme Court 1962...................................16

Goldberg v. Kelly, 397 US 254 - Supreme Court 1970 .....................10, 20, 22, 25

Grannis v. Ordean, 234 U. S. 385, 394 ......................................................27

Grannis v. Ordean, 234 U. S. 385, 394 (1914)....................................10, 19

Hutto v. Finney, 437 US 678 - Supreme Court 1978..................................28

Int'l Union, United Automobile, Aerospace, and Agricultural Implement Workers
of Am. v. Aguirre, 410 F.3d 297, 304 (6th Cir.2005)........................18

Joint Anti-Fascist Comm. v. McGrath, 341 U. S. 123, 168 (1951) .....................10

*Kottmyer v. Maas, 436 F. 3d 684 - Court of Appeals, (6th Cir. 2006)*.................14

Mathews v. Eldridge, 424 US 319 - Supreme Court 1976 ...................10, 25

Moccio v. New York State Office of Court Admin., 95 F. 3d 195, 199-200 (CA2
1996)..........................................................................................................13

Parratt v. Taylor, 451 US 527 - Supreme Court (1981) .........................................15
Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)......................................24
Pulliam v. Allen, 466 US 522 - Supreme Court (1984) ......................................24
Thomas v. Arn, 474 US 140 - Supreme Court 1985.............................................23
Verizon Md. Inc. v. Public Serv. Comm'n of Md., 535 U. S. 635, 644, n. 3 (2002) ........................................................................................................9, 13

## Statutes

28 USC § 1331 ...................................................................................................5, 12
42 USC § 1983 ...........................................................................................11, 13, 15
Amendment XIV § 1 United States Constitution.........................................22, 27
Amendment XIV § 5 United States Constitution.................................................27
Article III § 2 U.S. Const .................................................................................5, 12

## Rules

Federal Rules of Civil Procedure, Rule 12(f)......................................................17
Federal Rules of Civil Procedure, Rule 12(i)..............................................19, 21
Federal Rules of Civil Procedure, Rule 15(a)(2) ...............................................13
Federal Rules of Civil Procedure, Rule 72(b)(1) ..............................................19
Federal Rules of Civil Procedure, Rule 72(b)(2) ..............................................23
M.D. Tenn R. (Local Rules) 72.03(b)(3) ...........................................................21

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure and Sixth Circuit Rule 34(a), Plaintiff-Appellant hereby respectfully requests oral argument on the present appeal. Due to the nature of this case, and the importance of safeguarding constitutional rights, Appellant believes this Honorable Court would benefit from hearing oral arguments. MR. JOHN ANTHONY GENTRY is a Certified Public Accountant, well spoken, and although representing himself pro se, he has become knowledgeable in federal case law, Fed. R. Civ. P. and societal issues pertaining to this matter, and he believes this Court would benefit from hearing his arguments.

Oral Argument will aid the Court by allowing the parties to explore the issues presented in this appeal and respond to any inquiries raised. As an administrative matter, Appellant is unavailable for Oral Arguments on April 21, 2017 due to presenting arguments in another case.

## JURISDICTIONAL STATEMENT

The District Court has jurisdiction in this matter pursuant to Article III § 2 U.S. Const., 28 USC § 1331, and 28 USC § 1343 which extend jurisdiction to cases arising under the U.S. Constitution and U.S. Code.  Defendant's principal office and Plaintiff's residence are both located in Middle Tennessee, and since allegations in Plaintiff's Amended Complaint were alleged occurred in Middle Tennessee, proper venue for this complaint is the U.S. District Court M.D. TN.

The Court of Appeals has jurisdiction pursuant to 28 U.S.C. §1291 over the final judgment of the District Court.  Appellant-Plaintiff, herein after "MR. GENTRY" appeals from a final order and judgement of the District Court.  On January 26, 2017, the District Court issued a Memorandum & Order granting Defendant's Motion To Dismiss.  On February 6, 2017, the District Court denied Plaintiff's Motion to Alter.  The Entry of Judgment was entered on February 6, 2017.  MR. GENTRY, timely filed a Notice of Appeal on February 17, 2017

## STATEMENT OF ISSUES FOR REVIEW

1. Whether the District Court erred in finding this case should be dismissed for lack of jurisdiction under the Rooker-Feldman Doctrine.

2. Whether application of Rooker-Feldman makes all Title 42 § 1983 claims arising from actions occurring during state court proceedings unenforceable.

3. Whether the District Court erred in denying Plaintiff's Motion to Amend.

1

4. Whether the District Court erred in denying Plaintiff's Motion to Strike the Magistrate Judge's Report and Recommendation.

5. Whether the District Court erred in denying Plaintiff's Motion for Evidentiary or Other Appropriate Hearing and Motion for Oral Arguments.

6. Whether the District Court erred in failing to provide Notice regarding the filing of the Magistrate Judge's Report and Recommendation.

7. Whether the District Court erred in not finding that judicial immunity does not apply to judges who exceed their authority and violate constitutional rights.

8. Whether the District Court erred in not finding that the eleventh amendment necessarily does not provide immunity to individuals, officials or states when fourteenth amendment rights are grossly violated.

## STATEMENT OF THE CASE

This is a case where Appellant, MR. GENTRY'S constitutional rights were repeatedly violated throughout proceedings in the underlying litigation. MR. GENTRY'S right of due process, which includes; a right to be heard, a right to present testimony, evidence, and oral arguments was repeatedly denied him. The Defendant, THE HONORABLE JUDGE THOMPSON, herein after referred to as "JUDGE THOMPSON" repeatedly issued rulings without reading MR. GENTRY'S pleadings, and while not allowing testimony or oral arguments by MR. GENTRY and he obstructed evidence by quashing subpoenas issued by MR.

2

GENTRY. The facts supporting these allegations are undeniable and irrefutable. Despite these travesties of justice suffered by MR. GENTRY, he remained respectful of the court and judiciary throughout proceedings.

## PROCEDURAL HISTORY OF THE CASE IN DISTRICT COURT

On October 3, 2016, MR. GENTRY filed a Complaint in the U.S. District Court. On October 6, 2016, the case was assigned to a Magistrate Judge for pretrial matters (Docket Entry 3). On October 19, 2016, an Amended Complaint was filed (Docket Entry 6) which became the operative Complaint.

On November 14, 2016, Defendant JUDGE THOMPSON, filed a Motion To Dismiss and Supporting Memorandum, for Failure to State a Claim (Docket Entries 11 and 12). On November 28, 2016, Plaintiff filed a Response and Objection and disproved all of the defenses claimed by Defendant.

On December 28, 2016, during the holiday while mail is not delivered according to normal schedule, and without providing notice to Plaintiff MR. GENTRY, the Magistrate Judge filed his Report and Recommendation (R&R) in which the Magistrate recommended dismissal of Plaintiff's Amended Compliant based on **all** of the defenses claimed by Defendant (Docket Entry 20).

On January 3, 2017, Plaintiff MR. GENTRY, properly filed his Objection to Magistrate Judge's R&R and a Motion to Strike (Docket Entry 21). In his Objection and Motion to Strike, Plaintiff again disproved all of the defenses

claimed by Defendant. Plaintiff also complained that the Magistrate Judge's R&R contained belittling and demeaning language and misrepresented and mischaracterized Plaintiff's Amended Complaint and requested that the R&R be stricken from the record.

Also on January 3, 2017, Plaintiff MR. GENTRY, requested the District Court to set an "Evidential or Other Appropriate Hearing" so that he could present evidence and argument as to why his case should not be dismissed.

On January 13, 2017, Defendant filed two documents, (1) Defendant's Response in Opposition to Plaintiff's Objection to R&R (Docket Entry 23), and (2) Defendant's Response to Plaintiff's Motion to Set Evidential or Other Appropriate Hearing (Docket Entry 24).

On January 17, 2017, Plaintiff filed two Responses and Objections regarding Defendant's Responses filed on January 13, 2017 (Docket Entry 25 & 26). In Plaintiff's Response (Docket Entry 25), Plaintiff complained that accepting the Magistrate's R&R would be to ignore Fed. R. Civ. P., ignore U.S. Code of Laws, and ignore an abundance of U.S. District, Appellate, and Supreme Court Opinions. In Docket Entry 26, Plaintiff complained about incorrect interpretation of Local Court Rule and Sixth Circuit Opinion as a basis for denying him oral arguments.

On January 26, 2017, the District Court Judge entered a Memorandum and Order (Docket Entry 27) accepting the Magistrate's R&R and dismissing Plaintiff's

Compliant for lack of jurisdiction under Rooker-Feldman. In the same document, the District Court Judge also denied MR. GENTRY'S Motion to Strike and Motion to Set Evidential Hearing without stating any legal basis for those decisions. The District Court Judge did not address Defendant's other defenses regarding the Eleventh Amendment, or Statute of Limitations. The District Court Judge did make a footnote notation regarding judicial immunity and that since Plaintiff, MR. GENTRY, was seeking only equitable relief, grounds for dismissal based on judicial immunity are "unclear."

On February 6, 2017, Plaintiff, MR. GENTRY, properly filed a Motion to Alter and Supporting Memorandum (Docket Entries 31 and 32). In his Supporting Memorandum, Plaintiff again proved Rooker-Feldman inapplicable. Plaintiff also requested leave to amend so as to correct any "defects" in his complaint.

The next day on February 7, 2017, the District Court Judge entered an Order denying MR. GENTRY'S Motion to Alter and Motion to Amend without providing any basis supporting denial. Ten days later on February 17, 2017, Plaintiff properly filed a Notice of Appeal.

## ARGUMENTS

### Issue No. 1 Rooker-Feldman Doctrine Not Grounds For Dismissal
### Standard of Review

Article III § 2 U.S. Const. governs jurisdiction of federal courts as well as 28 USC § 1331, and 28 USC § 1343. "It is most true that this court will not take

jurisdiction if it should not; but it is equally true that it must take jurisdiction if it should… … **We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the Constitution**", *ex parte Young US 123 (1908) at 143*. "**Rooker-Feldman does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.** *Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 US 280 - Supreme Court 2005 at 284.*

### Arguments: Issue No. 1

As this court knows, the Rooker-Feldman Doctrine, reliant upon which, the District Court dismissed MR. GENTRY'S Complaint, is confined to cases (1) brought by state-court losers complaining of injuries caused by state-court judgements, (2) rendered before commencement of district court proceedings.

Meaning no disrespect to the District Court Judge, but this case is not complaining about injuries caused by state-court judgements. The injuries complained of in this case are violations of due process, primarily plain, obvious and repeated violations of MR. GENTRY'S right to be heard. Furthermore, MR. GENTRY'S Complaint commenced in District Court, prior to final judgement in state-court. Indeed, at the time of writing this Brief, the underlying litigation is ongoing in appellate court.

The facts of this case, are obvious that MR. GENTRY'S Complaint is not about the rulings from a state-court. Nowhere in MR. GENTRY'S Complaint did he complain about state-court rulings. MR. GENTRY'S Complaint is about violation of his fourteenth amendment right of due process, which includes a right to be heard, being repeatedly violated. For example, during the underlying litigation, as evidenced in certified court reporter transcripts, the following dialogue took place on Sept. 15, 2015 (A. Comp. Docket Entry 6 p. 12 – 13);

> MR. GENTRY: **Your Honor, may I address that, please?**
> THE COURT: **No. Hang on. September 15 Transcript P. 4 – 6**
>
> MR. GENTRY: **Can I address that just briefly, Your Honor?**
> THE COURT: **You really can't,** because we've been here multiple times.
> MR. GENTRY: **I haven't been heard multiple times, Your Honor. September 15 Transcript P. 9 – 10**
>
> MR. GENTRY: A couple of issues --
> THE COURT: You --
> MR. GENTRY: **You won't hear me, Your Honor?**
> THE COURT: **No.**
> MR. GENTRY: **That's a violation of judicial conduct, sir. I've not had a chance to be heard. September 15 Transcript P. 10 – 13**

As one of many more examples, see Amended Comp. Docket Entry 6 p. 23;

> THE COURT: All right. I'm going to take these in the order Mr. Gentry has them listed. Wife has a motion to quash the husband's subpoena of Kati Lohr. That is granted.
> MR. GENTRY: **Your Honor, you don't hear arguments on that? February 9, 2016 Transcript P. 9-11**

There are many more similar examples of the above due process violations made by JUDGE THOMPSON against MR. GENTRY.    Plaintiff begs this Honorable Court to read his Amended Complaint Statement of Facts (Docket Entry 6 p. 9 – 37).  In the District Court Judge's Memorandum & Order (Docket Entry 27 p. 5), she agreed, "MR. GENTRY is not directly appealing Judge Thompson's rulings..."  To further substantiate that MR. GENTRY is not complaining about "rulings" made by the state court, MR. GENTRY also stated in his Complaint;

> The same is true of another matter, the trial court made a ruling denying Plaintiff's trial court motion for Sanctions Pursuant to Rule 34A.02 Spoliation of Evidence while refusing to allow evidence. **This shows a clear pattern of bias and a predisposition to prejudge matters, a complete refusal to hear arguments and a complete refusal to allow presentation of evidence**. (Amended Comp. Docket Entry 6, p. 37).

In consideration of MR. GENTRY'S Complaint, it is obvious that he is not complaining about state-court judgements, and he asserts the District Court judge errored in construing his Complaint as such.  The Supreme Court stated in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 US 280 - Supreme Court 2005:

> **The Rooker-Feldman doctrine, <u>we hold today</u>, is confined to cases of the kind from which the doctrine acquired its name**: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. **Rooker-Feldman <u>does not</u> otherwise override or supplant** preclusion doctrine or <u>**augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions**</u>. (at 284)

The Supreme Court could not have been more clear; *"We hold today...*
*Rooker-Feldman does not... ...augment the circumscribed doctrines that allow*
*federal courts to stay or dismiss proceedings in deference to state-court actions"*.
The Supreme Court of the United States plainly stated federal courts have
jurisdiction to stay or dismiss proceedings of state-court actions. That is exactly
the relief sought by MR. GENTRY, to dismiss proceedings of the state-court due
to the fact of obvious due process violations. At ¶ 287 in Exxon v Saudi, the
Supreme Court further stated:

> **Since Feldman, this Court has never applied Rooker-Feldman**
> **to dismiss an action for want of jurisdiction.** The few decisions
> that have mentioned Rooker and Feldman have done so only in
> passing or to explain why those cases did not dictate dismissal. See
> Verizon Md. Inc. v. Public Serv. Comm'n of Md., 535 U. S. 635,
> 644, n. 3 (2002)

**This very Court**, in the case Alexander v. Rosen 804 F.3d 1203 (2015) Sixth
Circuit Ct. of App. also affirmed that the Rooker-Feldman Doctrine does not bar
jurisdiction in a case very similar to this one. In that case, this Court stated:

> That doctrine does not apply here, because **Alexander's alleged**
> **injury did not emerge from the state court judgement.** He does
> not appeal the state court's child support decision, **he challenges**
> **the conduct** of the individuals who happened to participate in that
> decision. (at 1207)

The same is exactly true in this case, MR. GENTRY is not complaining
about state court judgements. MR. GENTRY is complaining that his right of due

process was violated. Surely, this court **must agree**, due process includes a right to be heard, to confront adverse witnesses and adverse counsel by presenting his own arguments and evidence orally. The US Supreme Court said this is true in the case, Goldberg v. Kelly, 397 US 254 - Supreme Court 1970, and stated:

> In the present context these principles require that a recipient have timely and adequate notice detailing the reasons for a proposed termination, **and an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally.** These rights are important in cases such as those before us, **where recipients have challenged proposed terminations as resting on incorrect or misleading factual premises or on misapplication of rules or policies to the facts of particular cases**.

MR. GENTRY was denied this right throughout proceedings time and again. In the U.S. Supreme Court case, Mathews v. Eldridge, 424 US 319 - Supreme Court 1976, our Supreme Court stated:

> The "right to be heard before being condemned to suffer grievous loss of any kind, **even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society.**" Joint Anti-Fascist Comm. v. McGrath, 341 U. S. 123, 168 (1951) (Frankfurter, J., concurring).

In the case, Armstrong v. Manzo, 380 US 545 - Supreme Court 1965, the earlier Supreme Court stated; "A fundamental requirement of due process is "the opportunity to be heard." Grannis v. Ordean, 234 U. S. 385, 394 (1914). **It is an opportunity which must be granted at a meaningful time and in a meaningful manner.**" (at 552). The facts of this case, plainly stated in MR. GENTRY'S

Amended Complaint (Docket Entry 6), and evidenced in court reporter transcripts show that MR. GENTRY was denied this fundamental requirement time and again.

Based on the well evidenced facts of this case, Defendant JUDGE THOMPSON was in violation of 42 USC § 1983 by depriving MR. GENTRY, under color of law, his right of due process guaranteed by the U.S. Constitution. **It is violation of federal law, pursuant to 42 USC § 1983 that is MR. GENTRY'S Complaint against Defendant JUDGE THOMPSON, not state-court judgements**, and therefore application of the Rooker-Feldman Doctrine is wholly inappropriate. Based on the Opinions issued by the United States Supreme Court, various US Court of Appeals, including the Sixth Circuit, application of the Rooker-Feldman Doctrine to this present matter is wholly inappropriate.

Furthermore, **this is not a case where final state-court judgement was rendered prior to commencement of District Court proceedings,** and by that fact also, application of Rooker-Feldman to this present matter is wholly inappropriate. As stated above, state appellate court proceedings are still ongoing and Rooker-Feldman applies only to cases where state-court judgements are **"rendered before** the district court proceedings commenced" *id at 284*.

Without contradicting itself and the U.S. Supreme Court; this court must agree that the Rooker-Feldman Doctrine does not abrogate federal jurisdiction regarding MR. GENTRY'S Complaint, and is not grounds for dismissal. If

somehow this Court is not in agreement with this simple logic, MR. GENTRY respectfully directs the Court's attention to Docket Entry 21 pages 7 – 12, and Docket Entry 32 pages 6 – 13 which further substantiate inapplicability of the Rooker-Feldman Doctrine to this present matter.

### Issue No. 2 Application of Rooker-Feldman makes 42 USC § 1983 Unenforceable

### Standard of Review

Article III § 2 U.S. Const. governs jurisdiction of federal courts as well as 28 USC § 1331, and 28 USC § 1343. **"Rooker-Feldman does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions**. *Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 US 280 - Supreme Court 2005 at 284.*

### Arguments: Issue No. 2

Plaintiff directs the court's attention to the Exxon Mobile case. In the case, Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 US 280 - Supreme Court 2005, the U.S. Supreme Court stated at ¶ 283:

> Variously interpreted in the lower courts, **the doctrine has sometimes been construed to extend far beyond the contours of the Rooker and Feldman cases, overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law**

**pursuant to 28 U. S. C. § 1738**. See, e. g., Moccio v. New York State Office of Court Admin., 95 F. 3d 195, 199-200 (CA2 1996).

In the present matter, the assertion that the Rooker-Feldman bars federal enforcement of constitutional rights violations, is exactly to what the U. S. Supreme Court was referring: states misconstruing the Rooker and Feldman cases far beyond the contours of the doctrine established in those cases.    For the District Court to assert Plaintiff's Amended Complaint is barred from jurisdiction according to the Rooker-Feldman Doctrine, is a ridiculous assertion that Title 42 U.S.C. § 1983 and much of the U.S.C. is unenforceable.  Application of the Rooker-Feldman Doctrine to a suit filed under 42 USC § 1983, would preclude prosecution of any and all state court judicial officers which cannot be true.  It cannot be true that any case, any doctrine can make a title under the U.S.C. unenforceable.  Application of the Rooker-Feldman Doctrine to cases like this suggests 42 USC § 1983 be tossed out the window and U.S. Code to be rewritten to exclude it.

## Issue No. 3 Error in Denying Motion to Amend

## Standard of Review

Federal Rules of Civil Procedure, Rule 15(a)(2) states; "…The court should freely give leave to amend when justice so requires. "Under Federal Rule of Civil Procedure 15(a), a district court should freely grant a plaintiff leave to amend a

complaint "when justice so requires." Fed. R. Civ. Pro. 15(a) *Kottmyer v. Maas,*

*436 F. 3d 684 - Court of Appeals, (6th Cir. 2006) at 692.*

### Arguments: Issue No. 3

On February 6, 2017, MR. GENTRY properly filed a Motion to Alter and

Request for Leave to Amend with a supporting memorandum of law (Docket

Entries 31 & 32).   In the District Court Judge's Memorandum & Order (Docket

Entry 27), the Court stated:

> While Mr. Gentry has brought claims for violation of his
> constitutional rights, he has neither alleged that he is a member
> of a protected class denied equal protection of the law nor has
> he been deprived of liberty or property in violation of the law,
> other than in the disposition of marital assets in his divorce
> proceeding…"

Meaning no disrespect to the District Court Judge but in a single paragraph,

the District Court Judge contradicted her own statements twice **and** erroneously

interprets § 1983.   **The District Court Judge plainly contradicts her own**

**statement, when she states in the same sentence that MR. GENTRY claimed**

**rights violations but did not claim rights violations.   The Court also plainly**

**contradicted herself when in the same sentence, she stated MR. Gentry was**

**not deprived of property but he was deprived of property.**   Regardless though,

the language of § 1983 does not require a rights violation on top of a rights violation

nor deprivation of property or liberty. MR. GENTRY brought suit against JUDGE

THOMPSON pursuant to Title 42 USC § 1983 which states:

> **Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory** or the District of Columbia, **subjects, or causes to be subjected, any citizen of the United States** or other person within the jurisdiction thereof **to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress**…

As evidenced in the language of the code, 42 USC § 1983 does not require

violation of the Equal Protection Clause nor deprivation of property in order that §

1983 be enforceable. In Parratt v. Taylor, 451 US 527 - Supreme Court (1981), the

Supreme Court stated:

> **Accordingly, in any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.** (at 535)

The facts of this case are undeniable that MR. GENTRY was deprived his

right of due process, which includes a right to be heard, under color of law. That

fact is undeniable. Due to the fact that MR. GENTRY was repeatedly denied his

right to be heard, MR. GENTRY was not able to introduce argument, testimony,

and was denied obtaining evidence to support his arguments and testimony and due

to these facts, MR. GENTRY was denied a fair and impartial hearing in the underlying litigation to this case resulting in deprivation of his property. Justice demands that MR. GENTRY should have been granted leave to amend so that his case could be heard and his constitutional rights enforced. Amendment XIV of the U.S. Constitution § 1 states:

> "… nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

In the Supreme Court case, Foman v. Davis, 371 US 178 - Supreme Court 1962, the Supreme Court stated:

> **…outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.** (at 182)

MR. GENTRY asserts it was an abuse of discretion and inconsistent with the spirit of the Federal Rules to deny his Request For Leave To Amend. The District Court Judge did not provide a basis for denying MR. GENTRY'S Request For Leave To Amend and simply "stamped" his Motion "Motion DENIED" (See Docket Entry 33).

Of course, this Court knows, leave to amend need not be granted if the plaintiff cannot possibly cure defects in the complaint causing dismissal. In this

case, Plaintiff easily could have cured the "defect" that was erroneously asserted by the District Court Judge.

Again, § 1983 does not require Equal Protection, nor deprivation of property violations, on top of due process violations. However, even if that were true, MR. GENTRY can easily prove that he was denied Equal Protection and deprived of property. The Defendant, JUDGE THOMPSON, repeatedly stated; "you're not an attorney", "you don't know the law" and similar such statements. Plaintiff can prove that he was discriminated against as a person of a distinct class who are not legal professionals. The Defendant, JUDGE THOMPSON, plainly discriminated against MR. GENTRY because he was not a legal professional and therefore, MR. GENTRY was denied Equal Protection under the law.

MR. GENTRY could have easily cured the "erroneous defect" noted by the District Court Judge, and he should have been granted leave to amend. Without the District Court Judge stating a basis for denying MR. GENTRY'S Request For Leave To Amend, we cannot know why MR. GENTRY'S proper request was denied.

## Issue No. 4 Error in Denying Motion to Strike

## Standard of Review

Federal Rules of Civil Procedure, Rule 12(f) states; "**The court may strike from a pleading** an insufficient defense …, or **scandalous matter**. *"We will not*

*overturn a district court's decision to grant or deny a motion to strike an affidavit*
***unless the lower court abused its discretion***." Int'l Union, United Automobile,
Aerospace, and Agricultural Implement Workers of Am. v. Aguirre, 410 F.3d 297,
304 (6th Cir.2005)

### Arguments: Issue No. 4

On January 3, 2017, MR. GENTRY filed an Objection To Magistrate
Judge's Report and Recommendation and Motion to Strike (Docket Entry 21).
Regarding his Motion to Strike, MR. GENTRY complained that the Magistrates
R&R contained belittling and demeaning language, ignored the facts of MR.
GENTRY'S Complaint, and mischaracterized MR. GENTRY'S Complaint.

In the District Court Judge's Memorandum and Order (Docket Entry 27, p.
3), the District Court Judge stated Rule 12(f) permits parties to move to strike only
portions of the *pleadings* in an action and there is no procedural mechanism for
striking a Magistrate's R&R.  Appellant respectfully disagrees.

Among the purposes intended in Fed. R. Civ. P. Rule 12(f) is the intent to
exclude from the record "scandalous" pleadings.  That much is obvious.  Plaintiff
asserts to belittle, demean, ignore facts, mischaracterize a compliant is indeed
"scandalous" as these actions are deceptive in intent.  Certainly, this Court must
agree such practices suggest bias.  Rule 12(f) does not define "*pleadings*" as
pleadings presented to the Court by one of the parties.   Plaintiff asserts that any

Magistrate's R&R is in fact a "*pleading*" on behalf of the parties.    Plaintiff respectfully asserts that for the District Court Judge to not address Plaintiff's complaint regarding the Magistrate's R&R is an abuse of discretion.

After extensive research pertaining to this matter, Appellant was not able to identify any supporting authority for his assertion.    Appellant asserts this is a matter of "**First Impression**" for this Court to consider and issue opinion on.

### Issue No. 5 Error in Denying Motion for Evidentiary or Other Appropriate Hearing and Motion for Oral Arguments

### Standard of Review

Federal Rules of Civil Procedure, Rule 72(b)(1) states: A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, **to hear a pretrial matter dispositive of a claim or defense**... Federal Rules of Civil Procedure, Rule 12(i) states: If a party so moves, any defense listed in Rule 12(b)(1)–(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) **must be heard** and decided before trial unless the court orders a deferral until trial.    Due process of law is the opportunity to be heard, Grannis v. Ordean, 234 U. S. 385, 394 (1914).    The hearing must be "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U. S. 545, 552 (1965).    In the present context... ...an effective opportunity to defend by confronting any adverse witnesses and **by presenting his own arguments and**

19

evidence *orally*. These rights are important in cases such as those before us, **where recipients have challenged proposed terminations as resting on incorrect or misleading factual premises or on misapplication of rules or policies to the facts of particular cases**. Goldberg v. Kelly, 397 US 254 - Supreme Court 1970

### Arguments: Issue No. 5

On January 3, 2017, MR. GENTRY filed his Objection to Magistrate Judge's Report And Recommendation and Motion to Strike (Docket Entry 21). In this pleading, MR. GENTRY complained that he was not provided a hearing pursuant to Federal Rules of Civil Procedure, Rule 72(b)(1). In addressing this complaint in her Memorandum & Order (Docket Entry 27 p. 4 footnote [1]), the District Court Judge stated Rule 72 "does not require the Magistrate to hold oral argument, nor to review factual evidence when issues can be properly decided on the papers as a matter of law" The District Court Judge did not provide any supporting authority as basis for this determination.

On January 3, 2017, MR. GENTRY also properly filed a Motion to Set Evidential or Other Appropriate Hearing (Docket Entry 22). In addressing this complaint in her Memorandum & Order (Docket Entry 27 p. 7), the District Court Judge stated: "there is no need for the court to review any factual evidence, nor is there any additional evidence that would impact the court's determination.

Moreover, it is within the court's broad discretion to deny a request for oral argument. See M.D. Tenn R. (Local Rules) 72.03(b)(3).

MR. GENTRY first directs this Court's attention to Federal Rules of Civil Procedure, Rule 12(i) which states: If a party so moves, any defense listed in Rule 12(b)(1)–(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) **must be heard** and decided before trial unless the court orders a deferral until trial. Due to the fact that Defendant was erroneously moving for dismissal for failure to state a claim pursuant to Fed. R. Civ. P., Rule 12(b)(1) and (6), this fact alone required a hearing and an opportunity for MR. GENTRY to present his evidence and arguments orally. Furthermore, as evidenced above, the U.S. Supreme Court has repeatedly affirmed that due process includes a right to be heard orally. Furthermore, since the Rooker-Feldman Doctrine was erroneously applied to this case, this matter could not be "decided on the papers as a matter of law".

Meaning no disrespect, Plaintiff respectfully asserts, the District Court Judge's statement: "*there is no need for the court to review any factual evidence, nor is there any additional evidence that would impact the court's determination.*", is a rather disturbing statement for a District Court Judge to make. This is not an "implied" statement. This is an affirmative statement that no matter what the facts are, no matter what the arguments are, no matter how the law reads, MR. GENTRY'S case will be dismissed. **No litigant should be compelled to try his**

**case before a judge who has already decided the outcome**. Plaintiff seeks this Honorable Court's guidance as this statement suggests an appearance of bias.

Although the District Court Judge referenced Local Rule providing discretion to deny a request for oral argument, MR. GENTRY asserts that a Local Rule cannot supplant Amendment XIV U.S. Const. § 1, right of due process which the U.S. Supreme Court has repeatedly affirmed includes a right to be heard orally.

Therefore, based on the above facts, U.S. Supreme Court Opinion, Federal Rules of Civil Procedure, and Amendment XIV of the United States Constitution, MR. GENTRY should have been provided an opportunity to present his arguments and evidence orally.

## Issue No. 6 Error in Failing to Provide Notice of Magistrate's R&R

### Standard of Review

Amendment XIV § 1 United States Constitution guarantees due process of law. "In the present context, these principles require that a recipient have timely and **adequate notice** detailing the reasons for a proposed termination" Goldberg v. Kelly, 397 US 254 - Supreme Court 1970

### Arguments: Issue No. 6

On December 28, 2016, the Magistrate Judge entered into the record, his R&R recommending dismissal of MR. GENTRY's Amended Complaint that included errors of law and procedure. The R&R was entered into the record, just a

couple days before the New Year's Holiday when mail is not delivered according to regular schedule. Apparently, there was an error in the Clerk's Office, and Notice was not sent to MR. GENTRY regarding that Magistrate's R&R. The Docket Report plainly shows a "Green Card" was not received by the Clerk's Office evidencing Notice was not provided.

Federal Rules of Civil Procedure, Rule 72(b)(2), requires that objections to an R&R must be filed within 14 days. These circumstances could easily have resulted in dismissal of Plaintiff's case without the opportunity for appellate relief. In the case, Thomas v. Arn, 474 US 140 – Sup. Ct. 1985, the Supreme Court stated:

> The question presented is **whether a court of appeals may exercise its supervisory powers to establish a rule that the failure to file objections to the magistrate's report waives the right to appeal the district court's judgment. We hold that it may.** (at 142)

MR. GENTRY asserts this was an error of the Court, to not properly provide him Notice, especially considering the time sensitivity of a timely objection and this error could be construed as an indication of bias. Fortunately, MR. GENTRY is very proactive and reviews PACER daily, but other pro se litigants may not be so diligent. While this was perhaps just a harmless oversight and error of the Clerk, MR. GENTRY seeks this Honorable Court's guidance pertaining to this very important matter that could have caused him irreparable harm of preemptive dismissal of his case.

23

**Issue No. 7 Judicial Immunity Does Not Apply**

**Standard of Review**

42 USC § 1983 provides protection for all citizens of constitutional rights violations made against them, occurring under color of law. Judicial immunity "is vitiated only when the judicial officer acts in the clear absence of all jurisdiction." Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) (citing Stump v. Sparkman, 435 U.S. 349 (1978)

**Arguments: Issue No. 7**

Federal Case law shows that, when a judge acts as a trespasser of the law, and when a judge does not follow the law, he loses subject matter jurisdiction and the judge's orders are void, of no legal force or affect. The case Pulliam v. Allen, 466 US 522 - Supreme Court (1984), clearly establishes that judges are not absolutely immune when civil rights violations have occurred. Indeed, in some extreme cases, federal courts have awarded litigation costs against defendant judges. In the Pulliam case, the Supreme Court of the United States stated as follows; "Although injunctive relief against a judge rarely is awarded, the United States Courts of Appeals that have faced the issue are in agreement that judicial immunity does not bar such relief." As evidenced in this case, judges do not have "*absolute*" immunity. This fact is undeniable.

24

Plaintiff was wrongfully denied his right to be heard in violation of due process. In the U.S. Supreme Court case, Mathews v. Eldridge, 424 US 319 - Supreme Court 1976, our Supreme Court stated:

> The "right to be heard before being condemned to suffer grievous loss of any kind, **even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society.**" Joint Anti-Fascist Comm. v. McGrath, 341 U. S. 123, 168 (1951) (Frankfurter, J., concurring). The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U. S. 545, 552 (1965).

In the case, Armstrong v. Manzo, 380 US 545 - Supreme Court 1965, the Supreme Court stated; " **It is an opportunity which must be granted at a meaningful time and in a meaningful manner.**" Plaintiff was wrongfully denied an opportunity to cross-examine testimony. In the case, Goldberg v. Kelly, 397 US 254 - Supreme Court 1970, our Supreme Court stated the following:

> **The right of cross-examination is more than a desirable rule of trial procedure. It is implicit in the constitutional right of confrontation, and helps assure the "accuracy of the truth-determining process.** Dutton v. Evans, 400 U. S. 74, 89 (1970); Bruton v. United States, 391 U. S. 123, 135-137 (1968)

42 USC § 1983 explicitly states "Every person" under color of law who violates rights secured by the Constitution is liable to the injured party in at action at law, **suit in equity** or **other proper proceeding redress.** 42 USC § 1983 explicitly provides judicial immunity from "*injunctive relief*" unless a **declaratory**

**decree** was violated.  Blacks Law Dictionary 2ND Edition, defines "declaratory decree" as follows:

> Something which explains, or ascertains what before was uncertain or doubtful; as a declaratory statute, which is **one passed to put an end to a doubt as to what the law is, and which declares what it is, and what it has been.**

The U.S. Constitution is exactly such a declaratory decree.  Of this, there can be no doubt.  The Preamble of the U.S. Constitution States:

> We the people of the United States, in order to form a more perfect union, establish justice, insure domestic tranquility, provide for the common defense, promote the general welfare, and secure the blessings of liberty to ourselves and our posterity, **do ordain and establish this Constitution for the United States of America.** U.S. Const. Preamble

The U.S. Constitution, by definition, is a declaratory decree.  The U.S. Constitution, *"put an end to a doubt as to what the law is, and which declares what it is, and what it has been"*.  The U.S. Constitution is, a *"binding declaration of right in equity without consequential relief"*.  The U.S. Constitution *"clearly defines rights to be observed and wrongs to be eschewed"*

In this case, MR. GENTRY is not seeking monetary redress.  MR. GENTRY is only seeking to have his constitutional right of due process enforced and it is the solemn duty of this Court to enforce rights guaranteed by the U.S. Constitution.

Again, in the District Court Judge's Memorandum & Order (Docket Entry 27, p. 7, footnote [2]), the District Court Judge stated: "Mr. Gentry, to the contrary,

26

seeks only equitable relief, and it is therefore, unclear whether these grounds for dismissal would be appropriate upon *de novo* review." MR. GENTRY, respectfully disagrees. It is not "unclear" in any way whatsoever that rights secured by the U.S. Constitution are to be enforced by federal courts. What good are rights secured by the U.S. Constitution if state court judges can violate those rights with impunity and the federal government abrogates its authority and jurisdiction?

Furthermore, MR. GENTRY asserts that when a judge repeatedly ignores and violates Constitutional Rights, that judge exceeds their jurisdiction. No court, not even the U.S. Supreme court has jurisdiction to abrogate constitutionally guaranteed rights. When this happens and a judge exceeds their jurisdiction so, all judicial immunity is vitiated and relinquished.

### Issue No. 8 Eleventh Amendment Necessarily Limited by Fourteenth Amendment

### Standard of Review

Amendment XIV § 5 United States Constitution states that The Congress shall have power to enforce, by appropriate legislation, the provisions of the fourteenth amendment. Amendment XIV § 1 United States Constitution states that no state she deprive any person of life, liberty, or property without due process of law. A fundamental requirement of due process is "the opportunity to be heard." Grannis v. Ordean, 234 U. S. 385, 394.

**Arguments: Issue No. 8**

The facts of this case undeniably prove that MR. GENTRY'S right of due process was repeatedly violated resulting in loss of property in plain violation of Amendment XIV § 1 United States Constitution. This contention is easily proven through an examination of the facts. If somehow it can be construed that MR. GENTRY did not plainly state loss of property, he should be granted leave to amend as argued above. Regardless, Amendment XIV § 5 and U.S. Supreme Court Opinion have firmly established that the Eleventh Amendment does not abrogate the Fourteenth Amendment. In the case, Fitzpatrick v. Bitzer, 427 US 445 - Supreme Court 1976, the Supreme Court stated:

> The principal question presented by these cases is whether, as against the shield of sovereign immunity afforded the State by the Eleventh Amendment, Edelman v. Jordan, 415 U. S. 651 (1974), **Congress has the power to authorize federal courts to enter such an award against the State as a means of enforcing the substantive guarantees of the Fourteenth Amendment.** The Court of Appeals for the Second Circuit held that **the effect** of our decision in Edelman **was to foreclose Congress' power**.

The Supreme Court also affirmed the same in Hutto v. Finney, 437 US 678 - Supreme Court 1978 as follows:

> **we held that the Congress which passed the Civil Rights Act of 1871, now § 1983—a statute enacted pursuant to § 5 of the Fourteenth Amendment, see 436 U. S., at 665—"*did* intend municipalities and other local government units to**

**be included among those persons to whom § 1983 applies."**
*Id.,* at 690.

As noted above, the U.S. Supreme Court has specifically and repeatedly stated the Eleventh Amendment does not abrogate the Fourteenth Amendment. Moreover, the U.S. Supreme Court has affirmed 42 USC § 1983 is also not abrogated the Eleventh Amendment.

## CONCLUSIONS

Based on the above supporting authorities, this case should not be dismissed for lack of jurisdiction under the Rooker-Feldman Doctrine. As the United States Supreme Court stated, for a federal court to abrogate authority and jurisdiction when it is not appropriate to do so is "treason to the constitution."

Furthermore, for the reasons stated above, application of the Rooker-Feldman Doctrine makes 42 USC § 1983 unenforceable against state-court judges who violate constitutional rights, and this is a dangerous precedent to set and invites corruption to run rampant and unchecked. MR. GENTRY humbly asks this Court to issue opinion in this regard so as to set precedent, and further safe-guard rights set forth in the U.S. Constitution.

Appellate decisions and the Federal Rules of Procedure and "spirit" therein, require that MR. GENTRY be granted leave to amend if this Court deems it necessary to cure any "defects" in MR. GENTRY'S Amended Complaint.

MR. GENTRY, requests "First Impression" Opinion as to whether a Magistrate's R&R should be considered a "pleading" and whether a determination should be made regarding the "disrespectful and misleading" characterization of MR. GENTRY'S Amended Complaint.

MR. GENTRY should be provided an opportunity to orally present his arguments and the facts of his case.

MR. GENTRY humbly requests the Court's guidance regarding his not being provided Notice of the Magistrate's R&R.

Based on the above supporting authorities, the Eleventh Amendment does not abrogate the Fourteenth Amendment.

MR. GENTRY respectfully reminds this Court that "under rules of procedure that have been well settled since well before our decision in Theatre Enterprises, a judge ruling on a defendant's motion to dismiss a complaint, "must accept as true all of the factual allegations contained in the complaint." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); see Overstreet v. North Shore Corp., 318 U.S. 125, 127, 63 S.Ct. 494, 87 L.Ed. 656 (1943). MR. GENTRY begs this Court to accept his allegations as true remand the case for trail, and allow a jury of peers to decide the merit of his case.

## TYPE-VOLUME CERTIFICATION

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), MR GENTRY hereby certifies that this brief complies with the type-volume limitation in Rule 32(a)(7)(B) because, as counted by the Microsoft Word 2016 word count tool, this brief contains 7,035 words, excluding the parts exempted by Rule 32(a)(7)(B)(iii). This brief complies with the typeface requirements in Rule 32(a)(5)(A) and the type-style requirements in Rule 32(a)(6) because this brief has been prepared in proportionally spaced 14-point Times New Roman font.  Dated April 3, 2017

Respectfully submitted,

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
John.a.gentry@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and via First Class US Mail, postage prepaid to;

Joseph Ahillen, BPR # 028378
Assistant Attorney General
Civil Rights and Claims Division
Office of the Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207

On this the 4th day of April, 2017

John Anthony Gentry, CPA





