RECEIVED

MAY 17 2017

DEBORAH S. HUNT, Clerk

No. 17-5204

## IN THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

### JOHN ANTHONY GENTRY,

Plaintiff - Appellant

v.

### THE HONORABLE JOE H. THOMPSON, Circuit Court Judge

Defendant - Appellee

Rule 3 Appeal As Of Right from the Final Judgement of the
United States District Court, Middle District of Tennessee
Originating Case No. 3:16-cv-02617

### APPELLANT'S REPLY BRIEF

John A Gentry, CPA
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
John.a.gentry@comcast.net
*Pro Se*

### ORAL ARGUMENT REQUESTED

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES............................................................................ii

I.    INTRODUCTION............................................................................. 1

II.   REPLY ARGUMENTS ...................................................................... 5

A.    Issue No. 1 Rooker-Feldman Doctrine Not Grounds For Dismissal.......... 5

B.    Issue No. 2 Application of Rooker-Feldman makes 42 USC § 1983
Unenforceable ............................................................................. 6

C.    Issue No. 3 Error in Denying Motion to Amend ................................. 6

D.    Issue No. 4 Error in Denying Motion to Strike .................................. 8

E.    Issue No. 5 Error in Denying Motion for Evidentiary or Other
Appropriate Hearing....................................................................... 8

and Motion for Oral Arguments.......................................................... 8

F.    Issue No. 6 Error in Failing to Provide Notice of Magistrate's R&R ........ 9

G.    Issue No. 7 Judicial Immunity Does Not Apply.................................. 10

H.    Issue No. 8 Eleventh Amendment Necessarily Limited by Fourteenth
Amendment ................................................................................. 14

III.  CONCLUSIONS.............................................................................. 14

IV.   TYPE-VOLUME CERTIFICATION..................................................... 15

# TABLE OF AUTHORITIES

**Cases**

Mitchum v. Foster, 407 US 225 - Supreme Court 1972 ..................................... 11

Armstrong v. Manzo, 380 US 545 - Supreme Court 1965 ................................. 12

Goldberg v. Kelly, 397 US 254 - Supreme Court 1970 ..................................... 13

Mitchum v. Foster, 407 US 225 - Supreme Court 1972 ..................................... 11

Murphy v Ross, Civil Action No. 3:14cv870, United States District Court, E.D.
    Virginia 1978,................................................................................. 13

## I.    INTRODUCTION

Let this Court make no mistake.  MR. GENTRY is not complaining about the many erroneous rulings made by DEFENDANT THE HONORABLE JUDGE JOE H THOMPSON.  **MR. GENTRY is complaining of malicious and gross violations of due process which includes a right to be heard**.  Surely this Court desires to uphold the rights and privileges guaranteed by the U.S. Constitution.

MR. GENTRY'S Complaint against DEFENDANT THE HONORABLE JUDGE JOE H THOMPSON, is for plain and obvious violations of due process.  During proceedings, MR. GENTRY was repeatedly and blatantly denied this most basic constitutional right to be heard.  A summary of just some of these violations during proceedings is as follows:

MR. GENTRY:  May I present evidence that opposing party submitted a fraudulent income and expense statement?
JUDGE THOMPSON: (*paraphrased*) NO.  In fact, I'm going to go back and make a decision based on an income and expense statement you assert is fraudulent while denying your right to present evidence that it is fraudulent. *Transcript July 1, 2015*

MR. GENTRY:   May I respond to opposing counsel's statement?
JUDGE THOMPSON: No. *September 15 Transcript P. 4 − 6*

MR. GENTRY:  **Can I address that just briefly Your Honor**?
JUDGE THOMPSON: You really can't... *September 15 Transcript P. 4 − 6*

MR. GENTRY:  **You won't hear me, Your Honor?**
THE COURT: No. *September 15 Transcript P. 10*

1

MR. GENTRY: **I'm just disappointed that the Court won't hear me.**

THE COURT: Well, we did hear you back in March.

MR. GENTRY: You did not, sir. *September 15 Transcript P. 13*

THE COURT: All right. I'm going to take these in the order Mr. Gentry has them listed. Wife has a motion to quash the husband's subpoena of Kati Lohr. That is granted.

MR. GENTRY: **Your Honor, you don't hear arguments on that**?

*February 9, 2016 Transcript P. 9*

THE COURT: **All right. That motion is granted. Wife's motion to quash any and all subpoenas, that's granted, too.** And your supplemental deadline is set. No more subpoenas to -- is there anything else you think you need from her that you don't have, Mr. Gentry?

MR. GENTRY: Pardon me, Your Honor?

THE COURT: Is there anything else from her that you think you need?

MR. GENTRY: **You know, Your Honor, I think that this Court just isn't going to hear me on that matter. You rule before I make my arguments. And I would like to state that for the record, that with the Court not hearing any arguments from myself that the Court just disregards me and issues a ruling. I think just to make --**

THE COURT: There's going to be one of us that talks at a time. It's not going to be you. It's going to be me. I read everything. **So I've read your responses.** *February 9, 2016 Transcript P. 11-14*

MR. GENTRY: We haven't addressed your motion to quash all subpoenas, have we?

THE COURT: We just did.

MR. GENTRY: Your Honor, the reason that I filed this is because Ms. Gentry --

2

THE COURT: Stop. He filed the motion. You didn't file the motion. He filed a motion to --

MR. GENTRY: **Don't I get to respond?**

THE COURT: **No. I read your responses**. *February 9, 2016 Transcript P. 15*

As noted above, DEFENDANT THE HONORABLE JUDGE JOE H THOMPSON had stated twice he had read MR. GENTRY'S responses to opposing party motions. Considering the Defendant's next statement, **it is obvious he had not read MR. GENTRY'S pleadings**. If Defendant had read MR. GENTRY'S pleadings, obviously, there would be no need to ask opposing counsel about the contents of MR. GENTRY'S pleadings.

THE COURT: Review financial position and review credibility. **Mr. Lankford, is there anything that you see in any of those motions that shouldn't be addressed at the final hearing**?

MR. LANKFORD: No, Your Honor. And the other thing, Your Honor, I just want to point out that we have two days for this. Mr. Gentry has attached over a hundred pages of spreadsheets. I have serious concern if he plans to go through that at final hearing in two days.

THE COURT: **It will be done in two days.**

MR. LANKFORD: I'm hoping. But no, Your Honor, nothing that can't be addressed at final hearing.

THE COURT: You'll do the orders, Mr. Lankford.

MR. LANKFORD: **And I'd ask the Court to reserve attorney fees.**

THE COURT: **We'll do. All right. Thank you**. *February 9, 2016 Transcript P. 16*

Furthermore, the above dialogue evidences a further violation of due process in that no matter what evidence MR. GENTRY has to present, the hearing will be done in two days no matter what.

> MR. GENTRY: I did have a section in here where Ms. Gentry was attempting to subordinate perjury from my former wife.
> THE COURT: You can take that up with the district attorney. This isn't a criminal case.
> MR. GENTRY: **Well, it's a violation of statutory injunction.**
> THE COURT: **But the issues for the divorce, we have to pare down the issues for the divorce today.** *May 3, 2016 Tr. P. 359*

The above repeated and obvious denials of MR. GENTRY'S right to be heard are only some of the gross violations suffered by MR. GENTRY, there were many more similar violations detailed in MR. GENTRY'S Amended Complaint. In addition to the further due process violations detailed in MR. GENTRY'S Amended Complaint, MR. GENTRY further desired to state additional facts in a "Second Amended Complaint" but the District Court denied MR. GENTRY'S motion for leave to amend without stating a basis.

The facts are clear and well evidenced that MR. GENTRY was absolutely and maliciously denied due process. The question before this court is what is to be done about these due process violations. **To uphold the District Court's dismissal of this case, is to affirm that rights guaranteed under the U.S. Constitution are no longer enforceable, and the U.S. Constitution is now a**

**"DEAD DOCUMENT" wholly unenforceable in state courts.** Of course, this is not true, and therefore this case should not be dismissed.

## II.    REPLY ARGUMENTS

### A. Issue No. 1 Rooker-Feldman Doctrine Not Grounds For Dismissal

MR. GENTRY has already proven under numerous legal arguments based Supreme, Appellate and District Court Opinion, why the Rooker-Feldman doctrine is inapplicable to the present matter before this Court.   For MR. GENTRY'S arguments of law see: (1) *Appellant's Brief p 5 - 12*, (2) *Docket Entry 21 p 7 – 15*, (3) *Docket Entry 32 p 6 – 12*, and (4) *Docket Entry 17 p 6 - 10*.   In Summary, Rooker-Feldman does not apply: (1) in cases where a final judgement has not been rendered.  The underlying litigation is still ongoing in state appellate court.  MR. GENTRY has requested a stay of state-court proceedings due to obvious due process violations against MR. GENTRY by the state appellate court. (2) MR. GENTRY is not complaining about rulings.  MR. GENTRY is very obviously complaining he was subjected to a mock trail and he was repeatedly denied his right to be heard. (3) This case is obviously not "inextricably intertwined."   MR. GENTRY proved using Defendant's citation of Hutchinson v. Lauderdale County that this case is not "intertwined" and Rooker Feldman is inapplicable to this present matter *Docket Entry 21 p 7 – 15*.

5

## B. Issue No. 2 Application of Rooker-Feldman makes 42 USC § 1983 Unenforceable

DEFENDANT THE HONORALBE JUDGE JOE H THOMPSON, does not in any way respond, and completely ignores MR. GENTRY'S assertion that application of the Rooker Feldman makes 42 USC § 1983 completely unenforceable. The Defendant does not respond to this issue because MR. GENTRY'S assertion is absolutely correct and uncontestable. See *Appellant's Brief p. 12 – 13, and especially Docket Entry 21 p 12 - 16*. MR. GENTRY further asserts that the Defendant chooses to ignore MR. GENTRY'S assertion in this regard, to draw this Court's attention away from the fact that MR. GENTRY is not complaining about rulings, MR. GENTRY is complaining about due process violations. MR. GENTRY asserts this is a mischaracterization of MR. GENTRY'S complaint and this Court should be offended by such misrepresentation as is MR. GENTRY.

## C. Issue No. 3 Error in Denying Motion to Amend

Plaintiff desired to present additional and new facts. In MR. GENTRY's Motion to Alter and Request for Leave to Amend, MR. GENTRY stated:

> Plaintiff can easily further amend his complaint to show that he was denied liberty and property. The facts in Plaintiff's

> Amended Complaint already show this to be true. In Defendant denying Plaintiff's right to be heard, Plaintiff was denied his right and liberty to present evidence, oral testimony and oral arguments. The facts show Plaintiff was wrongfully denied income from a business and patent pending product that Plaintiff made successful. In wrongfully being denied these things, Plaintiff was denied liberty and pursuit of happiness which are inalienable rights. Plaintiff can easily amend his complaint to prove these facts true if properly granted leave to amend. *Docket Entry 32 p 15*

In the District Court's Memorandum and Order (Docket Entry 27), the Court stated "*While Mr. Gentry has brought claims for violation of his constitutional rights, he has neither alleged that he is a member of a protected class denied equal protection nor that he has been deprived of liberty or property in violation of the law...*" (id. p 6 – 7).

As this Court knows, rights violations on top of rights violations are not necessary in order for § 1983 to be enforceable. Regardless, MR. GENTRY easily could have amended to meet this "higher standard" for enforceability of § 1983.

Numerous times during proceedings, the DEFENDANT JUDGE JOE H THOMPSON made statements such as the following "*You don't know the law, you don't know how to plead*". Surely this Honorable Court, after a brief review of MR. GENTRY'S pleadings and briefs cannot deny the fact that MR. GENTRY does in fact "know the law" and does in fact "know how to plead." For the DEFENDANT THE HONORALBLE JUDGE JOE H THOMPSON to say these

7

things is no different than a racist saying *"you're a black man, you can't learn how to read."* as a means to maliciously and *"**discriminatorily**"* dismiss MR. GENTRY'S arguments and pleadings. If the District Court would have properly granted leave to amend, MR. GENTRY easily could have proven discrimination based on the fact that he is not a member of the legal profession and the legal profession maintains a monopoly in state courts. As stated in Appellant's Brief, the District Court simply "stamped" MR. GENTRY'S motion for leave to amend without stating any basis for denying leave to amend a curable "defect." MR. GENTRY asserts this was an abuse of discretion by the District Court Judge.

### D. Issue No. 4 Error in Denying Motion to Strike

MR. GENTRY makes no further argument with regard to this issue on appeal. MR. GENTRY asserts this is a matter of **"First Impression"** for this Court to consider and issue opinion on and directs the Courts attention to his Appellant's Brief p. 17 – 19.

### E. Issue No. 5 Error in Denying Motion for Evidentiary or Other Appropriate Hearing and Motion for Oral Arguments

MR. GENTRY makes no further argument with regard to this issue on appeal as he has already proven the error of the District Court and he further directs the Courts attention to his Appellant's Brief p. 19 – 22.

**F. Issue No. 6 Error in Failing to Provide Notice of Magistrate's R&R**

Defendant asserts that the Court's error in failing to provide notice is a non-issue and it is MR. GENTRY'S responsibility to "monitor the docket." To the contrary, MR. GENTRY is very concerned about this issue and seeks this Court's guidance. While this was likely a harmless error of the Clerk's office, it is important for Court's to maintain the appearance of impartiality for obvious reasons.

In a related case before the same District Court, Case No. 3:17-cv-0020, MR. GENTRY requested Court Review of another Magistrate Judge's Order. In his memorandum supporting his motion for Court Review, MR. GENTRY stated;

> In the order dated January 27, 2017, the Magistrate Judge issued Order that "***The Clerk is directed to send copies of all orders entered in this case to the pro se Plaintiff and to any other pro se party by regular, <u>first class mail (only),</u> unless otherwise directed by the Court.***"  (Docket Entry 14 p. 11).

Prior to seeking Court Review, MR. GENTRY requested clarification of the above order complaining it denied him Equal Protection (Docket Entry 9). In the Court's response, the Magistrate stated this order was issued to "*relieve the Clerk of the Court of the expense of sending copies of Court mail by certified mail.*" While MR. GENTRY commends the desire of the Court to minimize costs, MR. GENTRY is concerned that this may be construed as an attempt to deny due process of proper notice. Plaintiff further complained in his motion for Court Review:

9

In considering the specifically chosen language by the Magistrate Judge, "only", **it is important to note that "only" is a preclusive adverb.** The definition of this preclusive adverb is; without others or anything further; alone; solely; exclusively; no more than; merely; just. Although, after Plaintiff's Motion for Clarification and Modification (Docket Entry 9), the Magistrate clarified her Order and stated "Nothing in the Order prevents the Clerk from providing copies to Plaintiff directly...", **one can easily presume the Clerk to mistakenly interpret the Magistrates Order to prevent service at the counter of the Clerk's Office.** (Docket Entry 14 p. 11)

While all of these facts are very likely harmless error, they could be interpreted otherwise. Imagine the injustice of having a case dismissed on an R&R for which notice is erroneously not provided and despite "monitoring the docket," the Clerk refuses service because of an "Order" requiring notice by first class mail "only." Plaintiff merely seeks the Court's guidance in this regard, and is grateful of the Court's understanding of his concern, especially considering the repeated denial of due process giving rise to this case.

## G. Issue No. 7 Judicial Immunity Does Not Apply

There is no doubt judicial immunity does not apply in this case. The whole purpose of § 1983 was for the federal courts to stand guardian of the People's Constitutional Rights. The Supreme Court stated this very clearly.

**The very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights—to protect the people from unconstitutional action under color of state law, "whether**

that action be executive, legislative, or judicial." Mitchum v. Foster, 407 US 225 - Supreme Court 1972 (at 242)

Further considering the Mitchum Opinion, the Supreme Court referenced quotations of the legislators who enacted § 1983.

> This view was echoed by Senator Osborn: **"If the State courts had proven themselves competent** to suppress the local disorders, or **to maintain law and order, we should not have been called upon to legislate** . . . . We are driven by existing facts to provide for the several states in the South what they have been unable to fully provide for themselves; i. e., the full and complete administration of justice in the courts. And the courts with reference to which we legislate must be the United States courts." Id., at 653. And Representative Perry concluded: "Sheriffs, having eyes to see, see not; **judges, having ears to hear, hear not; witnesses conceal the truth or falsify it;** grand and petit juries act as if they might be accomplices . . . . [A]ll the apparatus and machinery of civil government, all the processes of justice, skulk away as if government and justice were crimes and feared detection. **Among the most dangerous things an injured party can do is to appeal to justice."** Id., at App. 78. (id at 241)

Very obviously, the intent of § 1983 was to protect the People from judges bent on abrogating federally protected rights and judges are not immune from equitable relief. The fact of this is undeniable.

DEFENDANT THE HONORABLE JUDGE JOE H THOMPSON, suggests to remand this case back to District Court for consideration of Defendant's immunity defenses. MR. GENTRY asserts this is just a waste of time for all parties including the District Court and a further intent to deny MR. GENTRY due process.

This Honorable Court is more than capable and within its jurisdiction to render opinion in this regard. In this very Court, in the case Alexander v. Rosen 804 F.3d 1203 (2015), for the same reasons Rooker Feldman does not apply in this case, this Court overruled the District Court's dismissal based on Rooker Feldman, but ruled to dismiss the case because that appellant's complaints were about actions protected by judicial immunity. Accordingly, this Court has already demonstrated jurisdiction to issue rulings not addressed by the District Court.

Unlike the Alexander v. Rosen case, MR. GENTRY does not complain of actions protected by judicial immunity. MR. GENTRY complains of obvious violations of due process which includes a right to be heard, a right to present evidence and testimony, a right to present oral arguments, a right to cross exam witnesses, a right to obtain discovery, a right to subpoena documents that should have been provided in discovery, all of which rights were maliciously denied.

In the case, Armstrong v. Manzo, 380 US 545 - Supreme Court 1965, the earlier Supreme Court stated;

> A fundamental requirement of due process is "the opportunity to be heard." Grannis v. Ordean, 234 U. S. 385, 394. **It is an opportunity which must be granted at a meaningful time and in a meaningful manner.** The trial court could have fully accorded this right to the petitioner **only by granting his motion to set aside the decree and consider the case anew. Only that would have wiped the slate clean. Only that would have restored the petitioner to the position he would have**

**occupied had due process of law been accorded to him in the first place. His motion should have been granted**.

In the case, Goldberg v. Kelly, 397 US 254 - Supreme Court 1970, our Supreme Court stated the following;

> "The fundamental requisite of due process of law is the opportunity to be heard." Grannis v. Ordean, 234 U. S. 385, 394 (1914). The hearing must be "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U. S. 545, 552 (1965). In the present context these principles require that a recipient have timely and adequate notice detailing the reasons for a proposed termination, **and an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally.** These rights are important in cases such as those before us, **where recipients have challenged proposed terminations as resting on incorrect or misleading factual premises or on misapplication of rules or policies to the facts of particular cases.**

In the case, Murphy v Ross, Civil Action No. 3:14cv870, United States District Court, E.D. Virginia 1978, Richmond Division, Senior U.S. District Judge Robert E. Payne stated;

> Judicial immunity "is vitiated only when the judicial officer acts in the clear absence of all jurisdiction." Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) (citing Stump v. Sparkman, 435 U.S. 349 (1978)).

When Defendant exceeded his jurisdiction, and violated MR. GENTRY'S constitutionally protected rights, Defendant vitiated himself of his judicial immunity and is liable for equitable relief. Furthermore, when Defendant violated

MR. GENTRY'S constitutional right of due process, Defendant was in violation of the declaratory decrees in our constitution and is liable for MR. GENTRY'S injuries pursuant to Title 42 U.S. Code § 1983 civil action for deprivation of rights.

Accordingly, this Court should not remand for immunity defenses and the Defendant has no defense of judicial immunity.

### H. Issue No. 8 Eleventh Amendment Necessarily Limited by Fourteenth Amendment

Obviously, the Amendment XI does not abrogate Amendment XIV of the U.S. Constitution and Defendant did not contest such. If further argument is necessary, MR. GENTRY directs this Court's attention to irrefutable legal arguments in Appellant's Brief p. 27 – 29, Docket Entry 17 p 16 – 20, Docket Entry 21 p 22 – 24.

## III.    CONCLUSIONS

Based on facts, Supreme Court Opinion, Acts of Congress, for the Good of the PEOPLE, and to preserve rights guaranteed in the U.S. Constitution, **the District Court's finding of lack of jurisdiction should be reversed**.

Based on facts, Sup. Ct. Opinion, Acts of Congress, for the Good of the PEOPLE, to preserve rights guaranteed in the U.S. Const., and previous rulings of this Court, this Court **should not remand for immunity defenses** and should rule

Defendant has vitiated his judicial immunity by violating rights guaranteed in Amend. XIV U.S. Const. and by violating federal law 42 USC § 1983.

Based on facts, Sup. Ct. Opinion, Acts of Congress, for the Good of the PEOPLE, to preserve rights guaranteed in the U.S. Constitution, this Court should stand guardian and protect and safeguard rights set forth in the U.S. Constitution.

## IV.     TYPE-VOLUME CERTIFICATION

Pursuant to February 21, 2017 Letter of Instruction from the Sixth Circuit Court of Appeals, MR GENTRY hereby certifies that this brief complies with this Court's instruction because, as counted by the Microsoft Word 2016 word count tool, this brief contains 3,484 words, and is limited to under 15 pages, excluding the parts exempted by Rule 32(a)(7)(B)(iii). This brief complies with the typeface requirements in Rule 32(a)(5)(A) and the type-style requirements in Rule 32(a)(6) because this brief has been prepared in proportionally spaced 14-point Times New Roman font.  Dated May 14, 2017.

Respectfully submitted,

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
john.a.gentry@comcast.net

## "MAKE AMERICA GREAT AGAIN"

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and via First Class US Mail, postage prepaid to;

Jaclyn L. McAndrew
Joseph Ahillen, BPR # 028378
Assistant Attorney General
Civil Rights and Claims Division
Office of the Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207

On this the 14th day of April, 2017

John Anthony Gentry, CPA

John A. Gentry
208 Navajo Ct.
Goodlettsville TN
37072

U.S. Court of Appeals
Sixth Circuit
100 East Fifth Street
Room 540
Potter Stewart Courthouse
Cincinnati, OH
45202 - 3988

* Reply Brief 17 - 5204