RECEIVED

MAY 2 2 2017

DEBORAH S. HUNT, Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**JOHN ANTHONY GENTRY,**

Plaintiff - Appellant

v.                                                                                              No. 17-5204

**THE HONORABLE JOE H. THOMPSON,**
**Circuit Court Judge**

Defendant - Appellee

---

### PLAINTIFF'S REPLY
### TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIF'S VERIFIED EMERGENCY MOTION TO STAY STATE COURT PROCEEDINGS AND ESTOPPEL BY CONDUCT

---

Plaintiff-Appellant, MR. GENTRY, submits this Reply in response and objection to "Defendant's Response in Opposition to Plaintiff's Verified Emergency Motion To Stay State Court Proceedings and Estoppel by Conduct."

If state appellate court proceedings are not stayed by this Court, MR. GENTRY will in fact be denied due process, and be denied his right to be heard (Motion to Stay, ¶ 26 – 29 evidence therein.). Furthermore, MR. GENTRY is in great fear of immediate and irreparable harm of further judicial reprisals, that will unjustly cause him to lose his home and force him into abject poverty. MR.

GENTRY begs this Court to protect his constitutional rights and property and stand guardian of the rights guaranteed and set forth in the U.S. Constitution.

Defendant falsely states *"Plaintiff makes a number of 'conclusory allegations' about judicial corruption and state government"* which is a false and untrue statement. **The word "conclusory" is defined as an assertion for which no supporting evidence is offered.** MR. GENTRY refers this Honorable Court to Case No. 3:17-cv-0020 currently before the U.S. District Court for The Middle District of Tennessee. In Docket Entry 32 Amended Complaint, of that case, MR. GENTRY included EXHIBITS A- W consisting of hundreds of pages of evidence proving state and judicial corruption. In Plaintiff's Motion to Stay, filed with this Sixth Circuit Court of Appeals, MR. GENTRY attached EXHIBITS 1 – 8 proving judicial reprisal, due process violations intended to protect judicial corruption, and denial of MR. GENTRY'S right of due process. In his Amended Complaint (Docket Entry 6) in this case, MR. GENTRY included dozens of referenced transcript citations proving repeated gross due process violations which include a right to be heard.

Allegations cannot be construed as "conclusory" when supporting evidence is provided and this court must accept as true all of the factual allegations contained in a complaint. *Bell Atlantic Corp., 27 S.Ct. 1955 (slip op., at 8-9) (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989);*

2

*Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)),* and a jury should try the facts.

For Defendant to falsely state Plaintiff makes "conclusory allegations" with no supporting evidence, is a patently false statement and such mischaracterizations of fact are further violations of the Tenn. Rules of Professional Responsibility and Code of Judicial Conduct. Defendant's argument should be recognized as "Inflammatory", and an attempt to distract this court from the facts and evidence: "Bait & Switch" for lack of a better expression.

Can this Court construe MR. GENTRY'S facts as "conclusory allegations?" Considering the state's U.S. Assistant Attorney General did so, one can assume the possibility. Are MR. GENTRY'S assertions merely "conclusory?" No, they are not, MR. GENTRY'S allegations are well supported by factual evidence. Would a reasonable legally educated, disinterested person, agree MR. GENTRY'S assertions are "conclusory?" No, they would not. Should this Court arrive at the same false interpretation? Absolutely not and here is why: To do so is to declare the U.S. Constitution a "Dead Document" and constitutional rights no longer enforceable.

MR. GENTRY understands the "need" to provide wayward judges the "benefit of a doubt," so as to preserve public confidence. MR. GENTRY asserts the "benefit of a doubt" should only be given in deference to the rights guaranteed in the Constitution, and not to the alleged perpetrators violating those rights. Deference

should always be given to constitutionally guaranteed rights, and to not do so is treason to the U.S. Constitution. Our U.S. Constitution was fought for with the blood and lives of our forefathers. Should not their sacrifice be given deference in contrast to those who would violate rights guaranteed in our federal constitution?

> **"We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the Constitution. <u>Questions may occur which we would gladly avoid, but we cannot avoid them.</u>** All we can do is to exercise our best judgment, and conscientiously perform our duty." (ex parte Young, 209 US 123 1908 at 143)

MR. GENTRY is an Honorably Discharged Veteran and a Certified Public Accountant. As a Veteran and as a CPA, MR. GENTRY understands the principles of integrity, sacrifice, honor, and he understands the priceless value our forefathers bestowed upon us in our constitution. To provide deference to violators of rights instead of the principles upon which our country was founded, dishonors all who have fought for our freedom and constitution.

The Defendant's Response in Opposition is nothing more than a mischaracterization of facts and further misconstrued application of the Rooker-Feldman Doctrine. MR. GENTRY first directs this Court's attention to the fact that Defendant "sugar-coats" and blatantly ignores the facts giving rise to MR. GENTRY'S Motion to Stay State Court proceedings.

Defendant falsely misconstrues MR. GENTRY'S facts and states: *"Plaintiff further alleges that the state appellate court erred by denying his "Petition for*

4

*Recusal Appeal..*" **Let this Court not make the same mistake.** MR. GENTRY does not complain the state appellate court erred by denying his Petition. MR. GENTRY complains the state appellate court denied him due process by dismissing his appeal based on the false "conclusion" that MR. GENTRY's filing date "appears untimely" when in fact MR. GENTRY filed eleven days prior to the filing deadline. Due to the fact that comparing date "A" to date "B" is a simple task, and due to the fact MR. GENTRY complained about this "error" to the state appellate court without them being willing to correct their error, it is obvious this was intentional denial of due process by the state appellate court (See Plaintiff's Motion to Stay p. 12 – 13, ¶ 34 – 37). Such mischaracterizations of fact by Defendant and his counsel are further violations of the Tenn. Rules of Professional Responsibility and Code of Judicial Conduct.

Defendant further falsely states: "*He (plaintiff) alleges that the state appellate court denied a number of his requests, including his request for additional time for oral argument...*" This is yet another false "sugar coating" of the judicial reprisal made against MR. GENTRY. MR. GENTRY does not complain about the denial of his motion for additional time. MR. GENTRY complains that as a malicious judicial reprisal, the state appellate court ordered less time for oral argument in contradiction of state rules of appellate procedure, while MR. GENTRY was asking for more time. As evidenced in Plaintiff's Motion to Stay (¶¶ *26 – 29),* Tenn. Rules of Appellate

5

Procedure state each side **"shall be allowed 30 minutes."** MR. GENTRY requested more time due to the voluminous record, and instead of granting more time, or even allowing the proscribed time and denying his motion, the state appellate court maliciously ordered that oral arguments *"shall be limited to fifteen (15) minutes"*. That malicious action by the state appellate court is nothing more than judicial reprisal and denial of due process. Furthermore, for Defendant to mischaracterize MR. GENTRY'S facts is further misconduct by Defendant and his counsel, which is "par for the course" in Tennessee state court proceedings. The same is true of all Defendant's "sugar-coating" of MR. GENTRY'S facts and let not this Court be swindled by such cheap "Bait & Switch" tactics.

Defendant falsely asserts that Plaintiff only offers two reasons why the stay should be granted which is untrue and a patently false statement. Furthermore, the "paraphrasing" of MR. GENTRY'S reasons justifying his motion to stay are also false and untrue. MR. GENTRY stated several reasons necessitating a stay of state court proceedings as follows: (1) he has been denied due process several times already by the state appellate court, (2) he will further be denied due process by the state appellate court, (3) he fears he will suffer immediate and irreparable harm of losing his home of twelve years, (4) his wages will be garnished forcing him into abject poverty, and (5) any rulings of the appellate court will have to be undone unnecessarily complicating the resolution of this case. MR. GENTRY begs this

court to stand guardian of the constitution, and protect MR. GENTRY'S rights and property.

Defendant falsely asserts Plaintiff's first reason requesting a stay of state court proceedings is to avoid the possibility of conflicting rulings and is about whether his constitutional rights were violated which is a false statement. There is no doubt MR. GENTRY'S constitutional rights were violated. MR. GENTRY'S facts have not been disputed in any way whatsoever and this Court is required to accept his facts as true. MR. GENTRY'S facts establishing constitutional rights violations are well evidenced and indisputable. Defendant's defenses have never disputed the facts.

MR. GENTRY does not contend conflicting rulings are at issue in any way. MR. GENTRY asserts it is common sense to stay state court proceedings due to due process violations suffered, due process violations certain to come, and because any rulings made by the state appellate court will have to be undone, and the state appellate court rulings will only complicate preserving MR. GENTRY'S rights.

In support of Defendant's false assertion in this regard, Defendant erroneously and falsely refers back to the Rooker-Feldman doctrine which this court knows is about state court losers complaining of injuries caused by state-court judgements. MR. GENTRY does not complain about state-court judgements. MR. GENTRY complains about his right of due process being repeatedly violated by the Defendant and by the Tenn. Ct. of Appeals (*Plaintiff's Motion to Stay, p. 10 ¶ 26 – 49*).

This Court knows the Rooker-Feldman is confined to cases brought by state court losers complaining of injuries caused by state court judgements **rendered before** district court proceedings commence. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). Due to the single fact that the "mock trial" in state court is still ongoing, precludes application of the Rooker-Feldman Doctrine. Furthermore, Rooker-Feldman only applies to state court losers complaining of injuries caused by state court judgements. It is obvious MR. GENTRY is not complaining of "judgements." MR. GENTRY is complaining of due process violations which this Court is sworn to protect against.

In the case Hutchinson v. Lauderdale County, 326 F.3d 747, 755-56 6th Cir. 2013, this very Court stated:

> The Rooker-Feldman doctrine provides that inferior federal courts lack jurisdiction to **review the final judgments of state courts**. D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923)

A final judgement has not been rendered while in fact due process violations have repeatedly been suffered by MR. GENTRY at the hands of the state appellate court. In the same opinion, this Court further stated:

> In order to determine the applicability of the Rooker-Feldman doctrine, **the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment.** If the injury alleged resulted from the state court judgment itself, Rooker-Feldman directs that the lower federal courts lack jurisdiction. **If the injury**

8

> **alleged is distinct from that judgment, i.e., the party maintains an injury apart from the loss in state court and not "inextricably intertwined" with the state judgment, ...** res judicata may apply, **but Rooker-Feldman does not....**

This Court must recognize the evidence and facts presented by MR. GENTRY are due process violations which include a right to be heard. Therefore, the injury is distinct from the judgment and not "inextricably intertwined."

As stated in MR. GENTRY'S Motion to Stay, this Court has jurisdiction to stay state court proceedings in 42 U.S.C. § 1983 actions (Motion to Stay ¶ *9 – 16)*.

> **The very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights—to protect the people from unconstitutional action under color of state law,** "whether that action be executive, legislative, or judicial." Mitchum v. Foster, 407 US 225 - Supreme Court 1972 (at 242)
>
> In carrying out that purpose, **Congress plainly authorized the federal courts to issue injunctions in § 1983 actions, by expressly authorizing a "suit in equity" as one of the means of redress**. And this Court long ago recognized that federal injunctive relief against a state court proceeding can in some circumstances be **essential to prevent great, immediate, and irreparable loss of a person's constitutional rights**. (id at 242)

MR. GENTRY begs this Court's guardianship of his rights. MR. GENTRY begs this Court to order a stay of state appellate court proceedings so as to safeguard his rights and property.

## TYPE-VOLUME CERTIFICATION

Pursuant to Federal Rule of Appellate Procedure, Rules 32(a)(4) and (5), and 27 (d)(2)(C), MR GENTRY hereby certifies that this Reply complies with the type-volume limitation in Rule 32(a)(4) and (5), and 27 (d)(2)(C) because, as counted by the Microsoft Word 2016, word count tool, this Reply contains 2362 words. This Reply complies with the typeface requirements in Rule 32(a)(5)(A) and the type-style requirements in Rule 32(a)(6) because this Reply has been prepared in proportionally spaced 14-point Times New Roman font.  Dated May 19, 2017

Respectfully submitted,

*/s/*

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
John.a.gentry@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and via First Class US Mail, postage prepaid to;

Joseph Ahillen, BPR # 028378
Assistant Attorney General
Civil Rights and Claims Division
Office of the Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207

Jaclyn L. McAndrew
Assistant Attorney General
Civil Rights and Claims Division
Office of the Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207

On this the 19th day of May, 2017

John Anthony Gentry, CPA

Case: 17-5204 Document: 13 Filed: 05/22/2017 Page: 12

USPS Priority Mail Express label, Case 17-5204 mailing envelope.