# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JOHN ANTHONY GENTRY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appeal No. 17-5204 |
| | ) | |
| v. | ) | Originating Case |
| | ) | Case No. 3:16-cv-2617 |
| JUDGE JOE H. THOMPSON, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

_____

### DEFENDANT'S RESPONSE IN OPPOSITION TO
### PLAINTIFF'S MOTION FOR ORAL ARGUMENT
_____

Defendant-Appellee, Judge Joe Thompson, submits this response in opposition to Plaintiff's Motion for Oral Argument and states:

Under the Federal Rules of Appellate Procedure, this Court may waive oral argument if it determines: (A) the appeal is frivolous; (B) the dispositive issue or issues have been authoritatively decided; or (C) the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. Fed. R. App. P. 34(a)(2)(A)–(C). Here, oral argument is unnecessary for the reasons enumerated in Fed. R. App. P. 34(a)(2)(C).

Plaintiff does not prove otherwise. To the contrary, Plaintiff makes apparent that his oral argument would primarily consist of a discussion of philosophical,

historical and societal matters bearing no discernible relationship to the issues before this Court. (*See* Plaintiff's Motion for Oral Argument, pp. 3–4.) And, Plaintiff's position on the relevant issues is adequately presented via Plaintiff's appellate brief (Br. Appellant); 38-page complaint (RE 6); 25-page response in opposition to Defendant's motion to dismiss (RE 17); 28-page objection to, and motion to strike, the magistrate judge's report and recommendation (RE 21) and 11-page reply in support (RE 25); 3-page motion for evidentiary hearing (RE 22); and 4-page motion to alter the judgment and request for leave to amend (RE 31) and 19-page supporting memorandum of law (RE 32). Therefore, Plaintiff cannot demonstrate that he is entitled to oral argument pursuant to Fed. R. App. P. 34(a)(2).

As an alternative ground for his request, Plaintiff submits that oral argument is his constitutional right. (*See* Plaintiff's Motion for Oral Argument, pp. 2–5.)[1] It is not. This appeal solely concerns questions of law, and "[c]ertainly the Constitution does not require oral argument in all cases where only insubstantial or

---

[1] As part of this argument, Plaintiff claims that denying oral argument to pro se litigants violates equal protection. (Plaintiff's Motion for Oral Argument, p. 5.) Among other flaws, Plaintiff cannot establish that pro se litigants are members of a protected class. *See Jones v. Union County, Tenn.*, 296 F.3d 417, 426 (6th Cir. 2002) (in general, an equal protection violation requires membership in a protected class and intentional and purposeful discrimination due to that membership); *Helfrich v. State of Ohio*, Case No. 2:15-cv-1646, 2016 WL 759836, at *3 (S.D. Ohio Feb. 26, 2016) ("Pro se litigants are not a protected class."). Therefore, this claim is without merit.

frivolous questions of law, or indeed even substantial ones, are raised." *Fed. Commc'ns Comm'n v. WJR, The Goodwill Station*, 337 U.S. 265, 276 (1949). Rather, a party need only "be given the opportunity to present its views to the court." *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998) (collecting cases from nearly every circuit, including the Sixth Circuit). Plaintiff has had a full and fair opportunity to present his views via his brief and the voluminous record.

In sum, Plaintiff has not demonstrated the necessity of oral argument. Accordingly, Plaintiff's motion should be denied.

        Respectfully submitted,

        HERBERT H. SLATERY, III
        Attorney General and Reporter

        /s/ Jaclyn L. McAndrew
        JACLYN L. MCANDREW, BPR #35249
        Assistant Attorney General
        Civil Rights and Claims Division
        Office of Attorney General and Reporter
        P. O. Box 20207
        Nashville, Tennessee 37202-0207
        Telephone: (615) 741-1845
        Email: jaclyn.mcandrew@ag.tn.gov
        Attorney for Defendant-Appellee

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of July, 2017, a true and exact copy of the foregoing was filed electronically.

A true and exact copy of the foregoing has also been served by regular U.S. Mail, postage prepaid, and email this 21st day of July, 2017, to:

John Anthony Gentry
208 Navajo Court
Goodlettsville, Tennessee 37072
john.a.gentry@comcast.net

/s/ Jaclyn L. McAndrew